1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GEORGE DIAZ QUINONES, | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIV 07-00467 PHX MHM (MEA) |
| | ) |
| JAMES KIMBLE and | ) REPORT AND RECOMMENDATION |
| ARIZONA ATTORNEY GENERAL, | ) |
| | ) |
| Respondents. | ) |
| _____ | ) |

TO THE HONORABLE MARY H. MURGUIA:

On March 2, 2007, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 12) on August 28, 2007. Petitioner filed a reply ("Reply") to Respondents answer to his petition on September 18, 2007. See Docket No. 13.

**I Procedural History**

In February of 2003, Petitioner was incarcerated at the Buckley Unit of the Lewis Prison Complex in Buckeye, Arizona. See Answer at 2. On February 20, 2003, several corrections officers at the Buckley Unit were attacked by inmates in a general prison melee. Id. Petitioner was implicated in an attack on Sergeant Michelle O'Brien, a detention officer, and

was also alleged to have assaulted Officer Michael Sharp by punching him, and to have assaulted Officer Steven Jarol by hitting him in the shoulder. Id. at 2-3.

Petitioner, along with six other inmates, was charged with committing assault with the intent to incite a riot or participating in a riot. Id., Exh. C  Petitioner was also charged with one count of assaulting Officer Jarol and one count of assaulting Officer Sharp. Id., Exh. C.  The state alleged Petitioner had three prior felony convictions. Id., Exh. C. After a trial on the charges against him, a jury found Petitioner guilty of assault with the intent to incite a riot or participating in a riot and one count of assault, i.e., on Officer Sharp. Id., Exh. D.  The jury found Petitioner not guilty on the charge of assaulting Officer Jarol. Id., Exh. D.

Petitioner admitted two prior felony convictions for the purpose of sentencing. Id., Exh. E.  Petitioner was sentenced to a "super mitigated" term of 10.5 years imprisonment pursuant to his conviction for assault with the intent to incite a riot or participating in a riot. Id., Exh. E.  Petitioner was sentenced to a concurrent term of 3 years imprisonment pursuant to his assault conviction. Id., Exh. E.

Petitioner took a timely direct appeal of his convictions and sentences. Id., Exh. C. Petitioner's appointed counsel filed an Anders brief, averring he could find no meritorious issues to raise in Petitioner's defense. Id., Exh. F.  Petitioner's appointed counsel did raise the substantive claims Petitioner believed to be meritorious. Id., Exh. F.  On

Petitioner's behalf counsel argued he was deprived of his right to the effective assistance of trial counsel because his counsel was not adequately prepared, because counsel had not adequately consulted with Petitioner, because counsel was disorganized, and because counsel did not ask witnesses questions Petitioner believed should be asked. _Id._, Exh. F. Petitioner also asserted his convictions could not stand because the state's witnesses were not credible and because the prosecutor had engaged in misconduct with regard to plea bargaining. _Id._, Exh. F.

The Arizona Court of Appeals affirmed Petitioner's convictions and sentences in a memorandum decision filed February 14, 2006. _Id._, Exh. G. The Court of Appeals noted Petitioner's ineffective assistance of trial counsel claims were properly raised in an action for post-conviction relief rather than in his direct appeal. _Id._, Exh. G. The Arizona Court of Appeals rejected Petitioner's other claims on the merits of those claims. _Id._, Exh. G. Petitioner did not seek review of this decision by the Arizona Supreme Court. _Id._ at 4.

Prior to the issuance of the Court of Appeals' decision, on June 8, 2005, Petitioner filed an action for post-conviction relief in the Arizona Superior Court. _Id._, Exh. H. Petitioner was appointed counsel, who informed the court he could find no meritorious issues to raise on Petitioner's behalf. _Id._, Exh. I. Petitioner did not file a _pro se_ petition for post-conviction relief by the deadline specified by the state court. _Id._, Exh. J. Accordingly, the Arizona Superior

Court dismissed Petitioner's action for post-conviction relief based on his procedural error on January 11, 2006.  Id., Exh. J.

Petitioner asserts he filed a petition for review of the dismissal of his first action for post-conviction relief in the Arizona Court of Appeals.  Petitioner contends the petition for review was denied.  However, Petitioner provides no evidence that he sought review of the trial court's decision on his Rule 32 petition by the Arizona Court of Appeals.  The public docket in the Maricopa County Superior Court website database indicates Petitioner did not seek review of the dismissal entered by the Superior Court.

Petitioner filed a second action for post-conviction relief in the Arizona Superior Court on February 28, 2006.  Id., Exh. K.  Petitioner sought permission to pursue a second or successive post-conviction action, which permission was denied in a decision issued April 14, 2006.  Id., Exh. L.  The Arizona Superior Court concluded Petitioner had not stated the existence of any factor within the exceptions to the rule prohibiting a second or successive action.  Id., Exh. L.

Petitioner asserts he filed a petition for review of the decision denying leave to file a second Rule 32 petition by the Arizona Court of Appeals.  Petitioner further alleges that the Arizona Court of Appeals denied leave to file a second or successive petition.  However, Petitioner provides no proof of such a petition for review.  The public docket in the Maricopa County Superior Court website database indicates Petitioner did not seek review of the dismissal entered by the Superior Court.

-4-

1        Petitioner filed a third action for post-conviction
2 relief in the Arizona Superior Court on June 29, 2006.  <u>Id.</u>,
3 Exh. M.  The action was summarily dismissed on August 4, 2006.
4 <u>Id.</u>, Exh. N.  The Superior Court determined Petitioner's claims
5 were precluded pursuant to Rule 32.2.(a), Arizona Rules of
6 Criminal Procedure, because the claims could have been raised in
7 Petitioner's direct appeal or in his first action for post-
8 conviction relief, but were not raised in those actions.  <u>Id.</u>,
9 Exh. N.  In his reply to Respondents' answer to his petition,
10 Petitioner provides the first page of a pleading allegedly filed
11 in the Arizona Court of Appeals, dated August 17, 2006,
12 indicating an intent to appeal the decision of the Superior
13 Court entered August 4, 2006.  <u>See</u> Reply (Docket No. 13),
14 Attach.  In this "Petition for Review," Petitioner contends he
15 did not assault anyone, that his trial should have been severed
16 from that of his co-defendants, and that his trial counsel was
17 ineffective.  <u>Id.</u>, Attach.

18        In his action for federal habeas relief, Petitioner
19 asserts he was denied his right to due process of law because
20 his trial was not severed from that of his co-defendants.
21 Petitioner also claims he was deprived of his right to the
22 effective assistance of counsel.  Petitioner alleges his trial
23 counsel's performance was deficient because counsel did not
24 sufficiently investigate the facts of the case or properly
25 impeach the testimony of Sergeant O'Brien and because counsel
26 did not seek to sever his trial from that of his co-defendants.
27
28                                    -5-

Respondents assert Petitioner has procedurally defaulted his federal habeas claims. Because Petitioner has not shown cause for, nor prejudice arising from his procedural default, Respondents argue, his habeas petition must be denied.

**II Analysis**

**A. Exhaustion**

A state prisoner must exhaust a federal habeas claim in the state courts before the District Court may grant relief on the merits of the claim. See, e.g., Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir.), cert. denied, 125 S. Ct. 2971 (2005). The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Castillo v. McFadden, 399 F.3d 993, 998 n.3 (9th Cir.), cert. denied, 126 S. Ct. 348 (2005).

To satisfy the "fair presentment" prong of the exhaustion requirement regarding a federal habeas claim, the petitioner must present both the operative facts and the legal

principles controlling the claim to the state courts.   <u>See</u>
<u>Kelly v. Small</u>, 315 F.3d 1063, 1066 (9th Cir. 2003).   The
Supreme Court has emphasized that the purpose of exhaustion is
to give the states the opportunity to pass upon and correct
alleged federal constitutional errors.   <u>See</u> <u>Baldwin v. Reese</u>,
541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004).   Therefore, if
the petitioner did not present the claim to the state court as
asserting the violation of a specific federal constitutional
right, as opposed to the violation of a state constitutional
right, state rule, or state law, the federal habeas claim was
not "fairly presented" to the state court.   <u>See</u>, <u>e.g.</u>, <u>id.</u>, 541
U.S. at 33, 124 S. Ct. at 1351.   A petitioner's allusion to
"broad constitutional principles, such as due process, equal
protection, and the right to a fair trial" in their state court
pleadings is not sufficient to establish a federal
constitutional claim was fairly presented to the state courts.
<u>Castillo</u>, 399 F.3d at 999 (internal citations omitted).

### B. Procedural default

A federal habeas petitioner has not exhausted a federal
habeas claim if he still has the right to raise the claim "by
any available procedure" in the state courts.   28 U.S.C. §
2254(c) (1994 & Supp. 2007).   Because the exhaustion requirement
refers only to remedies still available to the petitioner at the
time they file their action for federal habeas relief, it is
satisfied if the petitioner is procedurally barred from pursuing
their claim in the state courts.   <u>See</u> <u>Castille</u>, 489 U.S. at 351,
109 S. Ct. at 1060.   If it is clear the habeas petitioner's

claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. See id., 489 U.S. at 351-52, 109 S. Ct. at 1060; Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir. 1988). Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002). "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and preclusion bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claims not previously fairly presented to the state courts. See Beaty v. Stewart, 303 F.3d

975, 987 (9th Cir. 2002).

> Federal courts hearing habeas petitions may not review state convictions, even for federal constitutional claims, if the state court judgment procedurally barring the petitioner's claims rests on an independent and adequate state law ground. []. Procedural default, a particular type of adequate and independent state ground, applies to bar federal habeas review when the state court has declined to address the petitioner's federal claims because he failed to meet state procedural requirements...

Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005) (internal citations and quotations omitted). See also Stewart v. Smith, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar); Ortiz v. Stewart, 149 F.3d 923, 931-32 (9th Cir. 1998); Carriger v. Lewis, 971 F.2d 329, 333 (9th Cir. 1992).

**C. Cause and prejudice**

Federal habeas relief based on a procedurally defaulted claim is barred unless the petitioner can demonstrate a miscarriage of justice, or cause and actual prejudice to excuse his default of the claim. See Coleman, 501 U.S. at 750-51, 111 S. Ct. at 2555-56. "Cause" is a legitimate excuse for the petitioner's procedural default and "prejudice" is actual harm resulting from the alleged constitutional violation. See Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). To demonstrate

-9-

cause, a petitioner must show the existence of some external factor which impeded his efforts to comply with the state's procedural rules. See Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir. 1996). To establish prejudice, the petitioner must show that the alleged error worked to his actual and substantial disadvantage, infecting his entire trial with constitutional violations. See Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998). Establishing prejudice requires Petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes. See Manning v. Foster, 224 F.3d 1129, 1135 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.

**D. Petitioner's claims for relief**

**Petitioner asserts he was denied his right to due process of law because his trial was not severed from that of his co-defendants.**

Petitioner did not properly exhaust this claim by presenting it to the Arizona Court of Appeals in a procedurally correct manner, i.e., by raising it in his direct appeal. Petitioner alleges he raised this claim in his third action for post-conviction relief and alleges he exhausted the claim by presenting it to the Arizona Court of Appeals, attaching a copy

-10-

of a pleading doing so purportedly filed in the state court. However, the claim was procedurally defaulted by Plaintiff's failure to raise the claim in his direct appeal. Plaintiff did not properly exhaust the claim in the state courts by raising it in the Arizona Court of Appeals in a procedurally correct manner.

**Petitioner also claims he was deprived of his right to the effective assistance of counsel. Petitioner alleges his trial counsel's performance was deficient because counsel did not sufficiently investigate the facts of the case.**

Petitioner raised this claim in his direct appeal. The Arizona Court of Appeals found the claim not ripe because the Arizona Rules of Criminal Procedure require that an ineffective assistance of counsel claim be raised in an action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. Petitioner did not completely exhaust this claim in his first action for post-conviction relief because he did not properly pursue any claims raised in his first action for post-conviction relief to Arizona Court of Appeals.

**Petitioner contends his trial counsel did not properly impeach the testimony of Sergeant O'Brien.**

Petitioner raised this claim in his direct appeal. The Arizona Court of Appeals found the claim not ripe because the Arizona Rules of Criminal Procedure require that an ineffective assistance of counsel claim be raised in an action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. Additionally, Petitioner did not  properly exhaust

-11-

this claim in his first action for post-conviction relief because he did not properly pursue any claims raised in his first action for post-conviction relief to Arizona Court of Appeals.

**Petitioner also alleges his trial counsel was ineffective because counsel did not seek to sever his trial from that of his co-defendants.**

Petitioner did not properly exhaust this by presenting it to the Arizona Court of Appeals in a procedurally correct manner. Petitioner did not allege this factual basis for an ineffective assistance claim in any of his state court post-conviction proceedings.

In reply to Respondents' assertion his claims are procedurally defaulted, Petitioner restates his assertion that he is factually innocent of the crimes of conviction, but provides no evidence of factual innocence other than his statements. Petitioner asserts his factual innocence is established by the trial errors he alleges. Additionally, Petitioner asserts as cause for his procedural default of his claims that he was only afforded access to a law library once per week. Petitioner has not shown cause for, nor prejudice arising from his procedural default of the claims stated in his petitioner for federal habeas relief.

Review of the merits of a procedurally defaulted habeas claim is also appropriate if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice. See Dretke v. Haley, 541 U.S. 386, 393,

124 S. Ct. 1847, 1852 (2004); Murray v. Carrier, 477 U.S. 478, 485-86, 106 S. Ct. 2639, 2649 (1986). A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent. See Murray, 477 U.S. at 485-86, 106 S. Ct. at 2649; Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief). To satisfy the "fundamental miscarriage of justice" standard, Petitioner would have to establish by clear and convincing evidence that no reasonable juror could have found him guilty of the offenses of conviction. See Dretke, 541 U.S. at 393, 124 S. Ct. at 1852; Wildman v. Johnson, 261 F.3d 832, 842-43 (9th Cir. 2001).

> The miscarriage of justice exception is concerned with actual as compared to legal innocence ... To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. Given the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected.

Calderon v. Thompson, 523 U.S. 538, 559, 118 S. Ct. 1489, 1502-03 (1998).

The Supreme Court has recognized that the "actual innocence" exception to the statute of limitations is concerned with actual, as opposed to legal, innocence and must be based on reliable evidence not presented at trial. See Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 151, 865-66 (1995). A habeas petitioner's "late-offered" testimony is not "new" if it was available at trial, nor is evidence which is a mere "repackaging

of the record as presented at trial" considered "new." <u>Hubbard v. Pinchak</u>, 378 F.3d 333, 340-41 (3d Cir. 2004), <u>cert.</u> <u>denied</u>, 543 U.S. 1070 (2005).   If Petitioner does not present supplementary post-trial evidence establishing he is factually innocent, he may not avoid the procedural bar to consideration of the merits of his habeas claims.   <u>See Coley v. Gonzales</u>, 55 F.3d 1385, 1387 (9th Cir. 1995).

Petitioner has not presented such evidence as would allow him to proceed beyond his procedural default of his claims.   Accordingly, Petitioner is not entitled to consideration of the merits of his claim based on a showing that an actual miscarriage of justice will occur.

**III Conclusion**

Petitioner procedurally defaulted his federal habeas claims in the state courts.  Petitioner has not shown cause for, nor prejudice arising from his procedural default of his claims. Additionally, Petitioner has not made the requisite showing of factual innocence to establish that a fundamental miscarriage of justice would occur if the Court does not consider the merits of his habeas claims.

**IT IS THEREFORE RECOMMENDED** that Mr. Quinones' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

-14-

Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.   Thereafter, the parties have ten (10) days within which to file a response to the objections.   Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.   See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).   Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 24th day of September, 2007.


_____
Mark E. Aspey
United States Magistrate Judge


-15-