**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Diaz Quinones,<br><br>    Petitioner,<br><br>vs.<br><br>James Kimble and Arizona Attorney General,<br><br>    Respondents. | No. CIV 07-467-PHX-MHM (MEA)<br><br>**ORDER** |

Plaintiff *pro se* has filed an Amended Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) on March 2, 2007. The matter was referred to United States Magistrate Mark E. Aspey, who has issued a Report and Recommendation (Doc. 14) recommending that the Court deny and dismiss the Petition with prejudice. Plaintiff has filed a written objection to the Report and Recommendation.

**STANDARD OF REVIEW**

The Court must review the legal analysis in the Report and Recommendation *de novo*. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation *de novo* for those facts to which objections are filed and for clear error for those facts to which no objections are filed. Id.

**DISCUSSION**

The relevant authority, as set forth in the magistrate judge's Report and Recommendation is as follows. To have a meritorious federal writ of habeas corpus, a state prisoner first must exhaust his remedies in the state courts. See, e.g., Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351 (1989); Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir.), cert. denied, 125 S. Ct. 2971 (2005). The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Castillo v. McFadden, 399 F.3d 993, 998 n.3 (9th Cir.), cert. denied, 126 S. Ct. 348 (2005). To satisfy the "fair presentment" prong of the exhaustion requirement regarding a federal habeas claim, the petitioner must present both the operative facts and the legal principles controlling the claim to the state courts. See Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). The Supreme Court has emphasized that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged federal constitutional errors. See Baldwin v. Reese, 541 U.S. 27, 29 (2004). Therefore, if the petitioner did not present the claim to the state court as asserting the violation of a specific federal constitutional right, as opposed to the violation of a state constitutional right, state rule, or state law, the federal habeas claim was not "fairly presented" to the state court. See, e.g., id., 541 U.S. at 33. A petitioner's allusion to "broad constitutional principles, such as due process, equal protection, and the right to a fair trial" in their state court pleadings is not sufficient to establish a federal constitutional claim was fairly presented to the state courts. Castillo, 399 F.3d at 999 (internal citations omitted).

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c) (1994 & Supp. 2007). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts. See Castille, 489 U.S. at 351. If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. See id., 489 U.S. at 351-52; Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir. 1988). Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991); Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002). "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review . . . he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and preclusion bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claims not previously fairly presented to the state courts. See Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002).

> Federal courts hearing habeas petitions may not review state convictions, even for federal constitutional claims, if the state court judgment procedurally

> barring the petitioner's claims rests on an independent and adequate state law ground. . . . Procedural default, a particular type of adequate and independent state ground, applies to bar federal habeas review when the state court has declined to address the petitioner's federal claims because he failed to meet state procedural requirements . . .

Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005) (internal citations and quotations omitted). See also Stewart v. Smith, 536 U.S. 856, 860 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar); Ortiz v. Stewart, 149 F.3d 923, 931-32 (9th Cir. 1998); Carriger v. Lewis, 971 F.2d 329, 333 (9th Cir. 1992).

Petitioner asserts he was denied his right to due process of law because his trial was not severed from that of his co-defendants. Petitioner did not properly exhaust this claim by raising it during his direct appeal to the Arizona Court of Appeals. Petitioner alleges he raised this claim in his third action for post-conviction relief. However, Plaintiff did not properly exhaust the claim in the state courts by raising it in a procedurally-correct manner.

Petitioner also claims he was deprived of his right to the effective assistance of counsel because counsel did not sufficiently investigate the facts of the case, and because counsel did not properly impeach the testimony of Sergeant O'Brien. Petitioner raised these claims in his direct appeal. However, the Arizona Court of Appeals found these claims were not ripe because such claims must be raised in an action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. Petitioner did not properly pursue any claims raised in his first action for post-conviction relief. Thus, Petitioner did not exhaust these claims.

Petitioner contends that his trial counsel was ineffective because counsel did not seek to sever his trial from that of his co-defendants. However, Petitioner did not allege this factual basis for an ineffective assistance of counsel claim in any of his state court post-conviction proceedings. Petitioner has not shown cause for, nor prejudice arising from, his procedural

default of this claim. Thus, Petitioner's cannot overcome that he failed to exhaust his claim of ineffective assistance of counsel based on failure to sever.

Federal habeas relief based on a procedurally defaulted claim is barred unless the petitioner can demonstrate a miscarriage of justice, or cause and actual prejudice to excuse his default of the claim. See Coleman, 501 U.S. at 750-51. "Cause" is a legitimate excuse for the petitioner's procedural default and "prejudice" is actual harm resulting from the alleged constitutional violation. See Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). To demonstrate cause, a petitioner must show the existence of some external factor which impeded his efforts to comply with the state's procedural rules. See Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir. 1996). To establish prejudice, the petitioner must show that the alleged error worked to his actual and substantial disadvantage, infecting his entire trial with constitutional violations. See Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998). Establishing prejudice requires Petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes. See Manning v. Foster, 224 F.3d 1129, 1135 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. See Engle v. Isaac, 456 U.S. 107, 134 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.

Petitioner has not presented evidence in either his Petition for Writ of Habeas Corpus, or in his Objections to the magistrate judge's Report and Recommendation to show that a miscarriage of justice, or cause and actual prejudice to excuse his default of the claim. Therefore, Petitioner is not entitled to the Court overlooking the procedural defaults of his claims.

**CONCLUSION**

For the foregoing reasons,

- 5 -

**IT IS ORDERED** adopting the Magistrate Judge's Report and Recommendation (Doc. 14) in its entirety as the Order of the Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is dismissed with prejudice.

DATED this 19th day of December, 2007.

_____
Mary H. Murgula
United States District Judge

- 6 -